IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-20-127-RAW |
| | ) |
| ERIC YSIDRO CASTILLO, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

In this case, 19 defendants are charged in a 23-count indictment. Count One names all defendants in a conspiracy charge. Under Rule 801(d)(2)(E) F.R.Evid., an out-of-court statement offered against an opposing party for the truth of the matter asserted is not hearsay if it "was made by the party's coconspirator during and in furtherance of the conspiracy." Some defendants have filed motions for a *"James* hearing."[1] Such a hearing was scheduled for April 21, 2021 as to four defendants who had filed such motions.

The government filed an unopposed motion for continuance (#305) which was granted. In the motion, the government observed: "The Government would expect that nearly all defendants remaining in this case will likely file a request for a *James* hearing. If the Court were to hold a hearing on April 21, 2021 and again after the pretrial motions deadline, the Court will likely hear significant amounts of the same evidence and testimony

---

[1] *See United States v. James,* 590 F.2d 575 (5th Cir.1979). Statements may be admissible if the trial court makes preliminary findings by a preponderance of the evidence that (1) a conspiracy existed, (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy, and (3) the statement was made in the course of and in furtherance of the conspiracy. *United States v. Stein,* 985 F.3d 1254, 1269 (10th Cir.2021).

on multiple occasions." *Id.* at 2. The government requested that the hearing be scheduled after the deadline for pretrial motions of May 27, 2021.

In preparation for the scheduled hearing, the court noted that the motion of defendant Mealer also requests the court direct the government "to file a summary of evidence showing that" the three factors for admission of co-conspirator hearsay are met. It also requests that the government's summary include the evidence indicating the date by which the defendant joined the conspiracy. (#269 at 2). The government objected to this request, arguing that it would turn a *James* hearing into a discovery tool and force the government to reveal trial strategy. (#291 at 4).[2] The court inclines to the defendant's position. With this number of defendants and pieces of evidence, it would be an invitation to chaos for the court and defendants to enter a hearing without some sort of "roadmap" so that well-considered objections and rulings can be made.

"Although we have repeatedly indicated our strong preference for *James* proceedings when the government relies on co-conspirator statements, it remains within the district court's discretion to either hold such a hearing or . . . provisionally admit the evidence subject to the eventual laying of a sufficient foundation." *United States v. Goodwin,* 433

---

[2]In the court's view, these concerns may be minimized by (in the event of a hearing) the use by the government of a summary witness and by redaction.

2

Fed.Appx. 636, 640 (10th Cir.2011). The submission of a summary by the government will also facilitate the court's ultimate decision whether to conduct a hearing at all.[3]

Other district courts in the Tenth Circuit have made similar rulings. "[T]he Court granted defendant's Motion for Pretrial *James* Hearing . . . and ordered the government to provide the Court and defendant with a list of co-conspirator statements it sought to offer at trial." *United States v. Stancle,* 2016 WL 2858861, *1 (N.D.Okla.2016).[4] "The undersigned ordered the Government to respond to Defendants' motions with a detailed written proffer of co-conspirator statements it intends to introduce for the truth of the matters asserted." *United States v. Jorge De La Rosa-Calderon,* 2021 WL 124183, *2 (D.Colo.2021). *See also United States v. Yurek,* 2017 WL 2834544 (D.Colo.2017)(review of "*James* proffer").

In *United States v. Oscar Andres Bernal Lopez,* 17-CR-122-SLP (W.D.Okla.), the court directed: "Government to file summary of evidence (for James hearing purposes only) that (1) a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy and (3) the statements were made in the course of and in furtherance of the conspiracy. The summary will also include, as to each defendant filing a James motion, a compendium of that defendant's co-conspirator statements sought to be admitted as non-

---

[3]Even after conducting a *James* hearing, the district court in *United States v. King,* 2014 WL 12623415 (W.D.Okla.2014) made findings only as to the first and second of the three prongs of the test for admissiblity.

[4]The government's response in compliance is under seal, but it appears the format used is reflected in #1866-1 (13-CR-028-JED).

hearsay and a summary of the evidence establishing the date by which the defendant joined the conspiracy." (Docket no.184 at 4).  *See also* docket no. 469 at 2.

It is the order of the court that on or before May 31, 2021, the government shall file a proffer specifically identifying each and every co-conspirator statement it intends to offer at trial as evidence against the defendants pursuant to Rule 801(d)(2)(E) F.R.Evid. and stating how each proffered statement satisfies the requirements of Rule 801(d)(2)(E).  With respect to each alleged co-conspirator statement, the United States must indicate (a) the identity of the co-conspirator who made the alleged statement; (b) the identity of the person or persons to whom the co-conspirator statement was made; (c) the content of the co-conspirator statement; (d) when the statement was made; (e) how the statement is in the course of the alleged conspiracy; and (f) how the statement is in furtherance of the alleged conspiracy.  Additionally, the United States must identify the independent evidence it intends to offer in support of admission of the alleged co-conspirator statements.

A defendant may file a response within fifteen days of receiving the government's proffer.  The government may then file a reply within fifteen days of receiving a defendant's response.  At that point, the court will be in a better position to determine whether any pretrial action, including a *James* hearing, is necessary.

**ORDERED THIS 28th DAY OF APRIL, 2021.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**